UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CV-00360

| | | |
|---|---|---|
| JULIA BROOKE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOWN OF SMITHFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is defendant Town of Smithfield's motion to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Julia Brooke Davis filed a response in

opposition, to which defendant filed a reply. This matter is ripe for disposition.

## I.  BACKGROUND

On 22 December 2010, plaintiff was working at the N&N Sports Bar in Smithfield, North

Carolina. (Compl. ¶ 6.) While plaintiff was working, Mathew Behe ("Behe"), a Smithfield

police officer, was a patron at the bar and was consuming alcohol. (Id. ¶ 7.) At the time, Behe

was off duty. (Id.) After her shift ended, plaintiff and Behe played billiards and socialized. (Id.

¶ 11.) When the bar closed, Behe, who was intoxicated, asked plaintiff to drive him home, and

plaintiff reluctantly agreed. (Id. ¶¶ 11-12.) Plaintiff ultimately drove Behe to another business

establishment, and plaintiff and Behe stayed there for approximately an hour before leaving. (Id.

¶ 13.) Next, plaintiff drove Behe to his home, and Behe asked her "to come in and see his

hunting dogs while she was there." (Id. ¶ 14.) Inside his home, Behe sexually assaulted

plaintiff. (Id. ¶¶ 20-21, 23-26.) Behe called plaintiff the next day and "begged her not to say

anything to anyone about the sexual assault because he would lose his job and his marriage."

(Id. ¶ 30.)

On 4 January 2011, plaintiff sent a letter to Chief Michael L. Scott ("Chief Scott") of the Smithfield Police Department informing him of the incident. (Id. ¶ 33.) In response to her letter, the Smithfield Police Department investigated the incident and conducted a recorded interview of plaintiff. At the interview, Chief Scott and Captain Bruce Gentry ("Captain Gentry") informed plaintiff that, based on their investigation, a crime had occurred. (Id. ¶ 34.) However, Chief Scott and Captain Gentry "failed to file charges on [plaintiff's] behalf, failed to instruct [plaintiff] as to how she could file a charge herself with the magistrate, and failed to take any disciplinary action against Behe whatsoever." (Id.) Chief Scott and Captain Gentry "said that there was nothing more they could do for [plaintiff], and that if she wanted to, she could schedule a meeting with the District Attorney." (Id. ¶ 36.) Behe continued his employment with the Smithfield Police Department, and no criminal charges were ever filed against him. (Id. ¶ 35.)

On 16 May 2012, plaintiff initiated suit in the Superior Court for Johnston County, North Carolina. On 20 June 2012, defendant removed the action to this court. Plaintiff alleges a claim under 42 U.S.C. § 1983 against defendant. Specifically, plaintiff alleges that the actions of Chief Scott and Captain Gentry deprived her of her rights secured under the Due Process Clause and the Equal Protection Clause of the U.S. Constitution. (Id. ¶ 44.) Plaintiff also asserts state law claims. (Id. ¶¶ 49-74.) Defendant's primary argument is that plaintiff has failed to properly state a claim under § 1983.

## II. STANDARD OF REVIEW

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), tests 'the

sufficiency of a complaint,' and 'importantly does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Purcell v. City of Greensboro, No. 1:11CV577, 2012 WL 1718763, at *2 (M.D.N.C. May 14, 2012) (citations omitted).

> Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff"'s complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 2009) (citations omitted). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the well-pleaded complaint need not provide detailed factual allegations, the complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### III. DISCUSSION

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original).

> Rather, "[t]o state a cause of action against a municipality, a section 1983 plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Municipal policy can be found in (1) written ordinances and regulations, (2)

3

> affirmative decisions of policymaking officials, or (3) omissions
> by policymaking officials "that manifest deliberate indifference to
> the rights of citizens." A municipal custom may arise "if a practice
> is so 'persistent and widespread' and 'so permanent and well
> settled as to constitute a "custom or usage" with the force of law.'"

Alexander v. City of Greensboro, 762 F. Supp. 2d 764, 781 (M.D.N.C. 2011) (citations omitted).

Although plaintiff generally alleges that Chief Scott's and Captain Gentry's misconduct

was pursuant to "custom and/or usage," she alleges no facts to support the existence of any

policy or custom. (See Compl. ¶ 41.) In her response to the instant motion, plaintiff explains:

> This case is about the deliberate, affirmative and volitional actions of
> Chief Scott and Captain Gentry to refuse to help Plaintiff when they knew
> Plaintiff was a victim of a violent sexual assault by a member of their own
> police department . . .
> . . . .
> . . . . Again, this case is not about the failure to investigate. . . . This case
> is about the failures of Chief Scott and Captain Gentry after their
> investigation took place.

(DE # 14, at 7-8.)

Whether the alleged violation is a failure to properly investigate or failure to take action

subsequent to an investigation, a single incident would be insufficient to establish a policy or

custom and thus insufficient to sustain a claim under § 1983. See Reid v. Munyan, No. WMN-

12-1345, 2012 WL 4324908, at *3 (D. Md. Sept. 18, 2012) ("The Complaint details a single

incident of misconduct and a single incident alone establishes neither a policy or custom[.]"

(citation omitted)). Without any factual allegations of policy or a "persistent and widespread"

custom attributable to defendant that precludes or prohibits action to be taken after a law

enforcement investigation, plaintiff has failed to state a claim under § 1983. Cf. Poe v. Town of

Gilbert, W. Va., No. 2:11-cv-00645, 2012 WL 3853200, at *7 (S.D. W. Va. Sept. 5, 2012)

(recognizing that "'a municipal policy or custom giving rise to § 1983 liability will not be

4

inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees,'" but holding that the plaintiff had stated a claim by alleging that the municipality knew the subject officers "had a longstanding history of physical violence toward citizens, had received complaints regarding these officers' conduct, and did not require training or re-training of police officers known to engage in police misconduct" (citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED, and plaintiff's § 1983 claim is DISMISSED. Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise jurisdiction over plaintiff's state law claims. This case is REMANDED to the Superior Court for Johnston County, North Carolina. The Clerk is DIRECTED to send a copy of this order to the Clerk of that court and close this case.

This 13 November 2012.

_____
W. Earl Britt
Senior U.S. District Judge

5